### PEOPLE *v.* MEAD.

CRIMINAL LAW—APPEAL AND ERROR—CONFESSION OF ERROR—EVIDENCE.

On appeal from conviction of breaking and entering with intent to commit larceny confession of error by attorney general *held*, justified, where there is a total lack of evidence, so far as defendant is concerned, of essential elements of his aiding and abetting jointly charged party in breaking and entering.

Appeal from Oceana; Brown (William B.), J., presiding. Submitted October 17, 1935. (Docket No. 132, Calendar No. 38,515.) Decided November 12, 1935.

Melvin Mead was convicted of breaking and entering with intent to commit a felony. Reversed.

*F. E. Wetmore,* for appellant.

*Harry S. Toy,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for the people.

NORTH, J. Defendant was convicted of breaking and entering with the intent to commit a felony, to-

wit larceny. The theory of the people's case was that defendant was an accessory before the fact. 3 Comp. Laws 1929, § 17253. The actual offense of breaking and entering was committed by one Alfred Hall, who pleaded guilty. Defendant has appealed and he claims that his motion for a directed verdict of not guilty should have been granted because no testimony was offered tending to show that he was an accessory before the fact of the offense of which he was convicted. The attorney general has filed a confession of error, and we think properly so.

The only offense charged in the information is that of breaking and entering a designated building with the intent to commit larceny therein. The offense was actually committed by Alfred Hall who was charged jointly with appellant. Confession of error by the attorney general was justified because an examination of the record discloses a total lack of testimony tending to establish the prosecution's claim that appellant at any time prior to the commission of the offense by Hall either procured, counselled, aided or abetted Hall in the commission of the crime charged in so far as it involved the essential elements of breaking and entering. For this reason the conviction must be set aside and appellant discharged from custody.

POTTER, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. NELSON SHARPE, J., did not sit.